## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANDREW BUCHANAN,          )
                                     )
      Plaintiff,           )
                                     )
v.                               )        **Case No. CIV-17-633**
                                     )
SHAPARD RESEARCH, LLC,    )
                                     )
      Defendant.        )

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's copyright infringement action. Doc. 11. Defendant argues that Plaintiff failed to state a plausible claim for relief under Fed. R. Civ. Pro. 12(b)(6) and failed to join two Rule 19-required parties in violation of Rule 12(b)(7).[1] In response, Plaintiff argues that Defendant's alleged infringement does not constitute fair use and disputes that either absent party is required under Rule 19. Defendant's Motion is DENIED.

### I.    Failure to State a Plausible Claim

Plaintiff's Complaint, Doc. 1, sets forth plausible claims on Counts 1–3. A complaint may be dismissed upon a motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party,

---

[1] Defendant also asserted a 12(b)(4) defense, but subsequently withdrew all claims under Rules 12(b)(3) or 12(b)(4). *See* Doc. 12.

the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'"[2] *Macarthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 (2007)); *see Aschcroft v. Iqbal,* 556 U.S. 662, 676–80 (2009). The plaintiff cannot merely give "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Such conclusory allegations are not entitled to the court's presumption for the plaintiff. Instead, the plaintiff must plead facts that at least makes the claims plausible and raise the "right of relief above the speculative level." *Id.* at 558.

## A. Count 1: Copyright Infringement

Plaintiff states a plausible claim in Count 1, copyright infringement, 17 U.S.C. § 101 et seq. To establish copyright infringement, Plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) Plaintiff first demonstrates he is the exclusive copyright owner of the photograph in question. Doc. 1-3. Plaintiff then alleges that Defendant infringed by intentionally copying the photograph to its online polling publication, www.soonerpoll.com. Doc. 1-4. However, Defendant presents an affirmative defense to infringement: fair use.[3]

---

[2] Plaintiff cites outdated precedent pre-*Twombly* and *Iqbal*, *Conley v. Gibson*, 355 U.S. 41 (1957), that would heighten Defendant's burden on its motion to dismiss. Doc-13, at 5. Nonetheless, Defendant fails to meet either standard.

[3] Defendant rightly notes that the Court may assess fair use as an affirmative defense at the motion to dismiss stage. *See, e.g.*, *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008).

Plaintiff pleads sufficient facts, viewed in a light most favorable to him as the nonmoving party, to refute Defendant's fair use argument. Fair use is codified at 17 U.S.C. § 107: "[T]he fair use of a copyrighted work, including such use by reproduction in copies . . . , for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." This copyright exception "allows the public to use not only facts and ideas contained in a copyrighted work, but also [the author's] expression itself in certain circumstances." *Golan v. Holder*, 565 U.S. 302, 329 (2012) (quoting *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003)). Courts use four factors to assess this copyright exception: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). The four factors "are to be explored, and the results weighed together, in light of [copyright's] purposes." *Id.* at 578.

Regarding the first factor, Defendant cites the article's medical subject matter and relation to pending state legislation to frame it as a non-profit "journalistic piece." Doc. 11, at 7. Yet, Plaintiff presents a plausible argument that Defendant's use of the copyrighted photograph was commercial in nature. Defendant operates a for-profit "market research" and "data collection firm," and posted the copyrighted picture alongside a poll describing the company's findings. Doc. 13, at 9; *see* Doc. 1-4. Presumably, Defendant would only include the picture if it felt the image would help drive traffic to their website. Plaintiff's

"Paterson Affidavit" supports this theory and describes a conversation in which Defendant allegedly admitted that the poll summary accompanying the photograph furthered a for-profit purpose. *See* Doc. 13-1.

Next is the nature of the copyrighted work, which speaks to the creativity of the protected work and whether it is published. *See Campbell*, 510 U.S. at 586; *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 563–64 (1985). Plaintiff's complaint shows that he granted a license to a construction company to publish the photograph on its website. *See* Doc. 1-1. Plaintiff also notes the extensive work and creativity entailed in capturing the photograph in question.

The third factor concerns the copyright infringement's substantiality. Plaintiff alleges that Defendant copied the photograph in its entirety and without alteration, save for the removed copyright notice. Meanwhile, Defendant argues that one photograph is insubstantial relative to "all the photographs"—what appear from the copyright registration record to be over 1,200 photographs covered by the copyright in question. *See* Doc. 1-3.

Lastly, the Court looks to Defendant's impact on the copyright's value. Parties disagree on this factor, particularly what Defendant would owe Plaintiff to obtain a license on the photograph. Plaintiff alleges damages based both on compensation for such a license and the alleged infringement's effect on the market for this photograph.

Viewing the factors in totality and in the light most favorable to Plaintiff, the nonmoving party, Plaintiff presents a plausible response to Defendant's fair use defense. Thus, Defendant fails its burden to dismiss Plaintiff's copyright infringement action.

### B.  Count 2: Contributory Infringement

Plaintiff also states a plausible claim in Count 2, contributory infringement. "One infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Defendant allegedly published the copyrighted photograph online without authorization, accompanied by links to various social media sites. *See* Doc. 1-5. Plaintiff argues that Defendant intended these links to encourage consumers who visited the www.soonerpoll.com article to directly infringe Plaintiff's copyright. Defendant denies any knowledge that Plaintiff's photograph was copyrighted, let alone the requisite intent for contributory infringement. It is unclear whether the copyrighted photograph was "capable of 'substantial' or 'commercially significant' noninfringing use[]." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 942 (2005) (quoting *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984)). Nonetheless, Plaintiff presents a plausible claim that Defendant possessed the necessary intent to produce liability for contributory infringement.

### C.  Count 3: Alteration of Copyright Management Information

Plaintiff also states a plausible claim in Count 3, alteration of copyright management information pursuant to 17 U.S.C. § 1202. Section 1202(a)(1) prohibits "knowingly and with intent to induce, enable, facilitate, or conceal infringement . . . provid[ing] copyright management information that is false." Section 1202(b)(1) prohibits "intentionally remov[ing] or alter[ing] any copyright management information [without permission of the owner]." Plaintiff alleges that he posted the photograph on his website, www.subtlelightphoto.com, and Defendant removed the photograph's copyright notice

before posting it on www.soonerpoll.com. *See* Doc 1, at 3; 1-4. Defendant argues that he merely copied the photograph from Hoffman's website without knowledge of its copyright because Hoffman had already removed the copyright management information. *See* Docs. 11-1, 11-3. However, the Court views Plaintiff's allegations as true and assumes that the alleged infringing photograph originated from Plaintiff's website, not Hoffman's. Therefore, Plaintiff presents a plausible claim that Defendant altered the photograph in violation of 12 U.S.C. § 1202.

## II.     Failure to Join a Required Party

Defendant argues that Hoffman Construction Company ("Hoffman") and Seattle Cancer Cure Alliance ("Cancer Cure") are "required" parties under Rule 19, thereby warranting Rule 12(b)(7) dismissal of this case. The proponent of a 12(b)(7) motion has the burden of proving necessity. *See Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). "The proponent's burden can be satisfied by providing 'affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.'" *Id.* (quoting *Martin v. Local 147, Int'l Bro. of Painters*, 775 F. Supp. 235, 236 (N.D. Ill. 1991)). Rule 19(a) governs because Plaintiff brought a federal action in which joinder of additional parties would not deprive the court of subject-matter jurisdiction. Rule 19(a)(1) states that an absent party is "required" if (1) "in that person's absence, the court cannot accord complete relief among existing parties," (2) they "claim[] an interest relating to the subject of the action" and are situated such that proceeding without them would "as a practical matter impair or impede" their ability to protect their interests, or (3) their absence would leave an existing party "subject to a

substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [absent party's] interest."

## A. Hoffman

Hoffman does not meet Rule 19's standards for a required party. Defendant argues that Hoffman violated Plaintiff's license to use the copyrighted photograph by altering it to remove the copyright notice. Hoffman also allegedly contracted with Plaintiff to photograph Cancer Cure's medical equipment without its consent, thereby exposing both Hoffman and Plaintiff to liability from Cancer Cure. Neither of these allegations make Hoffman a required party. First, the Court can afford complete relief among the existing parties. It appears Defendant is using Hoffman's alleged alteration of the photograph's copyright notice as a partial defense to Count 3, alteration of copyright management information in violation of 17 U.S.C. § 1202. Yet, just because Hoffman is a *relevant* party does not make him *required*. As discussed above, Plaintiff's complaint states a plausible claim on Counts 1–3 without Hoffman as a party. If Plaintiff chooses to sue Hoffman as well, it has no bearing on the relief in this case against Defendant. Nor would this case adversely affect a theoretical action between Plaintiff and Hoffman.

Second, Hoffman does not claim an interest in this case that warrants protection under Rule 19(a). In fact, Defendant alleges the opposite—that Hoffman is liable to Plaintiff in a separate infringement action for violating the terms of its license. The Court will not speculate on a third party's potential liability, but Defendant has failed to show that Hoffman claims a required interest in this action.

Third, Hoffman's absence would not leave either existing party subject to substantial prejudice. Neither Plaintiff nor Defendant would face "double, multiple, or otherwise inconsistent obligations" because this case concerns copyright infringement by Defendant of a photograph exclusively copyrighted by Plaintiff. Fed. R. Civ. Pro. 19(a). In other words, Defendant has not demonstrated he is subject to litigation from absent parties for the conduct in question, nor is it apparent how Plaintiff would be subject to inconsistent obligations.

## B. Cancer Cure

Neither does Seattle Cancer Cure Alliance—which runs the Seattle ProCure facility depicted in the allegedly copyrighted photograph—satisfy Rule 19 necessity. Defendant alleges that Cancer Cure "may or may not have a cause of action" against Hoffman or Plaintiff for photographing its medical machinery. Doc. 11, at 9. Meanwhile, Defendant asks the Court to find Cancer Cure necessary to *this* case. Unlike Hoffman who at least maintains an interest in the copyrighted photograph in question (a license), Cancer Cure is even less essential to this dispute; litigation against Hoffman or Plaintiff would concern only the medical facility as the subject of protection, not the photograph. Whether an absent party has unrelated causes of action at its disposal is irrelevant to this determination. Defendant's arguments suggest Rule 19 requires litigation of all issues potentially relevant to a particular matter. To the contrary, Rule 19 asks whether an absent party is "required" to resolve the case between Plaintiff and Defendant. Defendant has failed that standard.

Plaintiff presents a plausible claim for relief, and Defendant fails to carry the burden of proving necessity of an absent party. Defendant's Motion under Rules 12(b)(6) and

12(b)(7) is therefore DENIED. The Court does this reluctantly as the damages would appear de minimis, with attorney's fees far exceeding any recovery. The Court admonishes the parties that this will be factored in if attorney's fees ever become an issue.

IT IS SO ORDERED this 17th day of October, 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE